NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

TROY DAMION WILLIAMS,

        Petitioner,

v.

UNITED STATES OF AMERICA,

        Respondent.

Civil Action No. 16-2129 (MAS)

**MEMORANDUM OPINION**

**SHIPP, District Judge**

    This matter comes before the Court on a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 ("Motion") by Petitioner Troy Damion Williams, challenging a sentence imposed by this Court in *United States v. Williams*, No. 15-0047, ECF No. 18 (D.N.J. entered May 21, 2015) ("Crim. Dkt."), for illegal reentry after a guilty plea. Respondent filed an answer, (ECF No. 18), and Petitioner did not reply. For the reasons stated below, the Court denies the Motion.

**I.    BACKGROUND**

    Petitioner was initially deported from the United States after being convicted of an aggravated felony. (Presentence Investigative Report, dated April 9, 2015 ("PSR"), at ¶ 7.) Thereafter, Petitioner re-entered the United States. (*Id.* at ¶ 9.) On June 20, 2014, Petitioner was arrested by Morris County police for providing false identification information. (*Id.*) Petitioner was appointed a public defender, Patrick McMahon ("Counsel"), shortly after his arrest. (Crim.

Dkt., ECF No. 5.) On January 30, 2015, Petitioner pled guilty to immigration charges.[1] (Crim. Dkt., ECF No. 14.)

After Petitioner pled guilty, the probation office prepared Petitioner's PSR and calculated an offense level of twenty-one with a criminal history of two, placing Petitioner's guideline sentencing range between forty-one and fifty-one months. (PSR ¶ 84.) In response, Counsel requested that Petitioner benefit from the reduced Fast-Track sentencing range, but the probation office asserted that any departure would be at the discretion of the Court at the time of sentencing. (*Id.* at ¶ 31.) At sentencing, Counsel argued for a downward variance based on Petitioner's history and characteristics and asked the Court to consider the Fast-Track Program in granting a variance. (Tr. of Sentencing 4:8-24, May 15, 2015, Crim. Dkt., ECF No. 23.) Ultimately, the Court granted a two-level downward variance to offense level nineteen, and sentenced Petitioner to a term of thirty-six months followed by two-years of supervisory release, a sentence that was five months shorter than the guidelines minimum. (Statement of Reasons 1.)

In his Motion, Petitioner claims that Counsel failed to file a motion on his behalf to enroll in the Fast-Track Program. (Mot. 5.) Petitioner argues that he was eligible for the Fast-Track Program and that had he enrolled in the program, his sentence would have been reduced. (*Id.*) Furthermore, Petitioner contends that he inquired about the Fast-Track Program on multiple occasions. (*Id.*) At the sentencing hearing, Counsel allegedly told the proceeding judge that "he was suppose[d] to put in a motion for [P]etitioner but did not have enough time." (*Id.*)

---

[1] More specifically, Petitioner was charged with illegal re-entry in violation of 8 U.S.C. §§ 1326(a) and (b)(2). (Mot. 2.)

## II. STANDARD OF REVIEW

A prisoner in federal custody under sentence of a federal court "may move the court which imposed the sentence to vacate, set aside or correct the sentence" upon three grounds: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "that the court was without jurisdiction to impose such sentence;" or (3) "that the sentence was in excess of the maximum authorized by law." 28 U.S.C. § 2255(a).

A criminal defendant bears the burden of establishing his entitlement to § 2255 relief. *See United States v. Davies*, 394 F.3d 182, 189 (3d Cir. 2005). Moreover, as a § 2255 motion to vacate is a collateral attack on a sentence, a criminal defendant "must clear a significantly higher hurdle than would exist on direct appeal." *United States v. Frady*, 456 U.S. 152, 166 (1982) (citation omitted).

In considering a motion to vacate a defendant's sentence, "the court must accept the truth of the movant's factual allegations unless they are clearly frivolous on the basis of the existing record." *United States v. Booth*, 432 F.3d 542, 545 (3d Cir. 2005) (citation omitted). "It is the policy of the courts to give a liberal construction to pro se habeas petitions." *Rainey v. Varner*, 603 F.3d 189, 198 (3d Cir. 2010). The Court may dismiss the motion without holding an evidentiary hearing if the motion and the files and records of the case conclusively show that the prisoner is not entitled to relief. *See* 28 U.S.C. § 2255(b); *Liu v. United States*, No. 11-4646, 2013 WL 4538293, at *9 (D.N.J. Aug. 26, 2013) (citing *Booth*, 432 F.3d at 545-46).

## III. DISCUSSION

Before the Court reaches the merits of the Motion, it will first address Respondent's suggestion that the Motion may be moot. In addition to filing an answer, Respondent informed the Court that Petitioner served his custodial sentence and was released from custody. (Resp't's

Letter, ECF No. 17.) Respondent suggests, therefore, that the Motion may be moot because the Court can no longer reduce Petitioner's custodial sentence. Petitioner, however, is still serving the supervised release portion of his sentence, and the Third Circuit has held that a district court "could credit [a petitioner] with the time served in prison exceeding a lawful sentence and reduce the length of his supervised release by that amount." *United States v. Doe*, 810 F.3d 132, 143 (2015) (citation omitted). As such, the Motion is not moot.

Nevertheless, Petitioner's claim is meritless. The Fast-Track Program permits a criminal defendant to "plead guilty and waive certain appellate and collateral attack rights in exchange for a downward departure from the adjusted base offense level." *Segura v. United States*, No. 15-6821, 2017 WL 626777, at *3 (D.N.J. Oct. 1, 2015). The Fast-Track Program is only available for criminal defendants pleading guilty to illegal re-entry in immigration cases. *Mercedes v. United States*, No. 14-4517, 2015 WL 1115008, at *4 (D.N.J. Mar. 11, 2015.) Only the government has authority to offer the Fast-Track Program. *United States v. Arrelucea-Zamudio*, 581 F.3d 142, 145 (3d Cir. 2009) (finding that under the Fast-Track Program, a downward departure is warranted only if "the Government files a motion for such departure pursuant to an early disposition program authorized by the Attorney General and the United States Attorney").[2]

Here, Petitioner argues that Counsel was ineffective for failing to "file the [F]ast-[T]rack motion on the [P]etitioner['s] behalf." (Mot. 5.) A claim that counsel's assistance was so defective as to require reversal has two components, both of which must be satisfied. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). First, the defendant must "show that counsel's

---

[2] "[T]he Government may commit to recommend a Guideline departure . . . or may implement a 'charge bargaining' [F]ast-[T]rack program where the parties' agreement adjusts the initial Guidelines calculation downward by reducing the charge." *United States v. Arrelucea-Zamudio*, 581 F.3d 142, 146 (3d Cir. 2009).

representation fell below an objective standard of reasonableness." *Id.* at 687-88. To meet this prong, a "convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Id.* at 690. The court must then determine whether, in light of all the circumstances at the time, the identified errors fell "below an objective standard of reasonableness[.]" *Hinton v. Alabama*, 134 S. Ct. 1081, 1083 (2014). To satisfy the prejudice prong, "a defendant need not show that counsel's deficient conduct more likely than not altered the outcome in the case." *Strickland*, 466 U.S. at 693.[3] To establish prejudice, the defendant must show that "there is a reasonable probability that the result of the [case] would have been different absent the deficient act or omission." *Hinton*, 134 S. Ct. at 1083.

Petitioner's claim fails both prongs of the *Strickland* test. First, Counsel was not ineffective for failing to file a Fast-Track motion, as Petitioner suggested, because Petitioner had no right to file such a motion, and this Court had no authority to grant such a motion from Petitioner. As stated above, only the *government* may file such a motion. *See United States v. Linarez-Delgado*, No. 03-130, 2013 WL 2251780, at *2 (D.N.J. May 22, 2013.) (finding that the Fast-Track Program "is not intended to, does not, and may not be relied upon to create any rights, substantive or procedural") (internal citation omitted). Even if Petitioner was eligible for the Fast-Track Program, without a motion by the government, this Court was powerless to act. *See Wade v. United States*, 504 U.S. 181, 185 (1992) ("[T]he condition limiting the court's authority [to grant § 5k1.1 departure only upon a Government's motion] gives the Government a power, not a duty,

---

[3] The reasonable probability standard is less demanding than the preponderance of the evidence standard. *See Nix v. Whiteside*, 475 U.S. 157, 175 (1986); *Baker v. Barbo*, 177 F.3d 149, 154 (3d Cir. 1999).

5

to file a motion[.]"). As such, Counsel was not ineffective for failing to file a motion he was not authorized to file.

Furthermore, Petitioner cannot establish prejudice. Even if the Court construes the Motion as asserting that Counsel should have pressed the government to file a Fast-Track motion and that counsel should have argued for a downward variance if the government refused, the Third Circuit has held that "a district court's refusal to adjust a sentence to compensate for the absence of a [F]ast [T]rack program does not make a sentence unreasonable." *United States v. Vargas*, 477 F.3d 94, 99 (3d Cir. 2007), *abrogated on other grounds by Arrelucea–Zamudio*, 581 F.3d at 149.[4] It is speculation for Petitioner to argue that this Court would have granted a downward variance absent a motion by the government recommending the Fast-Track Program; indeed, now that the Fast-Track Program is available in all districts, there was no reason for the Court to account for the absence of the program in this District. Regardless, the Court *did* grant a downward variance.[5] Although the variance may not have been what Petitioner had hoped for, dissatisfaction with the result of counsel's representation is not a ground for an ineffective assistance of counsel claim. *See Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993) ("[A]n [ineffective assistance of counsel] analysis focusing solely on mere outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or unreliable, is defective."); *Kim v. United States*, No.

---

[4] *Arrelucea-Zamudio* abrogated *Vargas*, a pre-*Booker* decision, on the ground that a district court may consider a downward variance in a non-Fast-Track district. Since *Arrelucea-Zamudio*, however, the Department of Justice has extended the Fast-Track Program to all districts. *See* Mem. of Dep't of Justice, *Department Policy on Early Disposition or "Fast-Track" Programs* (Jan. 31, 2012), https://www.justice.gov/sites/default/files/dag/legacy/2012/01/31/fast-track-program.pdf (last visited April 20, 2018) ("[T]he Department is revising its fast-track policy and establishing uniform, baseline eligibility requirements for any defendant who qualifies for fast-track treatment, regardless of where that defendant is prosecuted.").

[5] The Court did not grant the variance due to any perceived sentencing disparities caused by the Fast-Track Program. (*See* Statement of Reasons 2.)

05-3407, 2006 WL 981173, at *3 (D.N.J. Apr. 4, 2006) ("[T]hat [he] now appears unhappy with the result does nothing to change the fact that there is not the slightest indication that petitioner received ineffective assistance of counsel."). Petitioner, accordingly, fails to establish either prong of the *Strickland* test, and the Motion is denied.

## IV. CERTIFICATE OF APPEALABILITY

Lastly, the Court denies a certificate of appealability ("COA"). Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2255. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Here, Petitioner has failed to make a substantial showing of the denial of a constitutional right. Thus no certificate of appealability shall issue. *See* Fed. R. App. P. 22(b)(1); 3d Cir. L.A.R. 22.2.

## V. CONCLUSION

For the reasons set forth above, Petitioner's Motion is DENIED and the Court denies a certificate of appealability.

/s/ Michael A. Shipp
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

Dated: 4/24/18